UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JOHN E. REARDON,

              Plaintiff,              Civil No. 15-8597 (NLH/KMW)

v.

                                            OPINION

MAGISTRATE ZONIES, et al.,

              Defendants.
_____

**APPEARANCES:**

JOHN E. REARDON
1 Joans Lane
Berlin, New Jersey 08009
       *Pro Se Plaintiff*

ZELLER & WIELICZKO, LLP
By:  Dean R. Wittman, Esq.
     Michael J. Huntowski, Esq.
120 Haddontowne Court
Cherry Hill, New Jersey 08034
       *Counsel for Defendants*

**HILLMAN, District Judge**

    *Pro se* Plaintiff John Reardon asserts that he was denied his right to a jury trial when he was fined for various traffic violations in municipal court in 1988. He further asserts that Defendants retaliated against him for "challenging the State's Motor Vehicle Laws." (Compl. pg. 16)

    Presently before the Court is Defendants' Motion to Dismiss

1

the Complaint for failure to state a claim.  For the reasons set forth below, the Motion will be granted as to the federal law claims and the Court will decline to exercise supplemental jurisdiction over the remaining state law claims.[1]

**I.**

The Complaint alleges that Plaintiff was subject to a traffic stop three times in 1988.  First, on June 24, 1988, Plaintiff alleges he was pulled over by Defendant Officer Russell J. Smith and issued Plaintiff traffic tickets for "(A) No Registration; (B) No Insurance; (C) Failure to use turn signals; (D) Driving While Suspended[2]; and (E) Failure to produce [registration and insurance]." (Compl. pg. 5)

Second, on October 14, 1988, Defendant Officer Smith again allegedly stopped the Plaintiff, this time issuing tickets for "(A) Driving While suspended; (B) Driving without Insurance and (C) Using an Unregistered Vehicle." (Compl. pg. 5)

Lastly, Plaintiff alleges that on November 17, 1988 Defendant Officer Daniel J. Dougherty stopped Plaintiff and issued Plaintiff tickets for "(A) No Insurance; (B) No Registration; (C) Driving while suspended; and (D) Fictitious License Plates." (Compl. pg. 5)

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

[2] Plaintiff admits his license was suspended on June 15, 1988. (Compl. pg. 5)

Plaintiff alleges that he was "summarily tried and convicted" on April 24, 1989 in Runnemede municipal court. (Compl. pg. 6) It is not clear whether there was one alleged summary "trial" or three separate proceedings. In any event, Plaintiff alleges that Defendant "Magistrate" Daniel B. Zonies, Esq. presided over all adjudications and that Defendant Lawrence Luongo, Esq. was the "prosecutor." (Compl. pg. 6)

"On the [June 24, 1988] offenses" Plaintiff alleges he was "fined" $10.00 and assessed $15.00 in "costs" for driving an unregistered vehicle; and "fined" $350.00 and assessed $15.00 in "costs" "for having no insurance." (Compl. pg. 6) He also alleges that "as a result of" these "convictions," "Plaintiff was given $3,000.00 in surcharges and had his license suspended for 6 months." (Id.)

"On the [October 14, 1988] offenses," Plaintiff alleges he was "fined" $25.00 for driving an unregistered vehicle, and $500.00 for "having no insurance." (Compl. pg. 6) He was also allegedly assessed $15.00 in costs for each violation. (Id.) Plaintiff also alleges that his license was suspended for two years and he "was given $3,000.00 in surcharges." (Id.)

"On the [November 17, 1988] offenses" Plaintiff alleges he was "fined" as follows:

- "No registration: $35.00 Fine, $15.00 Costs"

3

- "Fictitious Tags: $25.00 Fine and $15.00 Costs"

- "4th Offense for no Insurance: $500.00 Fine, $15.00 Costs."

- "3rd Offense for Driving while suspended: $750.00 Fine, $15.00 Costs."

(Compl. pg. 6-7)  "As a result of" the "convictions" of driving without insurance and while suspended, Plaintiff was allegedly "given $6,000.00 in surcharges." (Compl. pg. 7)

Plaintiff alleges that he was not told that he had a right to a jury trial, and he did not waive his right to a trial.

Plaintiff further alleges that "Defendant [Officers] Dougherty and Smith" purposefully "wait[ed] for Plaintiff to [drive] home from work" so that they could issue the tickets identified above "to get [Plaintiff] to stop challenging the State's Motor Vehicle Laws as being Unconstitutional," and "to stop filing Lawsuits." (Compl. pg. 13, 16, 17)

The Complaint asserts violations of federal statutory law and New Jersey state law.  The Court liberally construes the Complaint to assert § 1983 claims for violation of Plaintiff's right to a jury trial, and Plaintiff's First Amendment right to be free from retaliation, as well as the New Jersey statutory and common law analogs of those claims.

As stated previously, Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

4

**II.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*,

5

556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

## III.

### A.

Defendants assert that the § 1983 claims, which are founded upon events occurring in 1988 and 1989 (i.e., approximately 25 years before the Complaint was filed), are time-barred. The Court agrees.

The limitations period for the § 1983 claims is two years. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

The jury trial claim accrued in 1989, when Plaintiff alleges his municipal court summary trial occurred. *See Wallace v. Kato,* 549 U.S. 384, 388 (2007)("it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."); *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)("A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based.").

6

The First Amendment retaliation claim accrued either in 1988 when Defendants Smith and Dougherty conducted a traffic stop of the Plaintiff, or in 1989 when Plaintiff was allegedly "convicted" of the ticketed offenses. *See Wallace,* 549 U.S. at 388.

Thus, the time to file suit on Plaintiff's § 1983 claims expired more than two decades prior to the filing of this suit on December 14, 2015.

Plaintiff asserts that his claims are timely because he did not "discover" that he had a right to a jury trial until sometime in 2014. (Compl. pg. 11-12; Opposition Brief pg. 29)  He also argues that as officers of the court, Defendants Zonies and Luongo had a duty to advise Plaintiff of his right to a jury trial[3], and that their failure to do so was a fraudulent concealment upon which the Court may conclude equitable tolling applies. (Compl. pg. 3, 12; Opposition Brief, pg. 10)  Both arguments fail.[4]

As to the first argument, Plaintiff's alleged discovery of the law in 2014 does not mean that Plaintiff's cause of action accrued then.  Accrual is not keyed to knowledge of a legal cause of action, but rather knowledge of injury. *See Wallace,* 549 U.S. at

---

[3] The Court assumes without deciding that Plaintiff did indeed, have a federal constitutional right to a jury trial.  The Court notes, however, that Defendants argue Plaintiff had no such right insofar as there is no right to a jury trial in municipal court.

[4] Plaintiff makes no argument concerning the timeliness of his First Amendment retaliation claim.

388; *Sameric Corp.*, 142 F.3d at 599. Plaintiff's alleged injury is the deprivation of a jury trial. He knew when he was being summarily tried in 1989 that there was no jury. The fact that Plaintiff alleges that he did not appreciate the legal significance of this omission until 2014, as a matter of law, does not alter the date upon which Plaintiff's claim accrued, and therefore does not alter the Court' conclusion that the claim is time-barred.

Plaintiff's fraudulent concealment argument fails for similar reasons. Plaintiff does not allege that Defendants Zonies or Luongo somehow tricked Plaintiff into thinking a jury convicted him. Equitable tolling based on fraudulent concealment applies to fraudulent concealment of the alleged injury, not the legal right asserted to be violated. *Freeman v. State*, 347 N.J. Super. 11, 32 (App. Div. 2002)(in a § 1983 case, holding that equitable tolling did not apply because "Plaintiffs were aware of their injury and the principal actors involved at the time of the [traffic] stop.").[5]

Thus, the Court holds that Plaintiff's federal law claims are

---

[5] *See generally Freeman*, 347 N.J. Super. at 31 ("absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."); *see also Wallace*, 549 U.S. at 396 ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

time-barred.  Defendants' Motion to Dismiss the federal law claims will be granted.[6]

**B.**

The Third Circuit has repeatedly stated, "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(citing 28 U.S.C. § 1367(c)(3), and *quoting Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995))(emphasis added); *cf. Sarpolis v. Tereshko*, 625 F. App'x 594, 600 (3d Cir. 2016)(affirming district court's retention and exercise of supplemental jurisdiction under § 1367(c)(3) because the district court had "an affirmative justification for exercising supplemental jurisdiction.")(quoting *Hedges*).

The Court finds no sufficient affirmative justification for retaining supplemental jurisdiction of the remaining state law claims.  Those claims will be dismissed without prejudice to Plaintiff's right to refile in the appropriate state forum.

---

[6] The Court need not allow Plaintiff an opportunity to amend because the Court's holding that the claims are time-barred also supports the conclusion that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106, 108 (3d Cir. 2002).

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss will be granted as to all claims asserted under federal law, and the Court will decline to retain supplemental jurisdiction over the remaining state law claims. An appropriate order accompanies this opinion.

Dated: March 29, 2017              __s/ Noel L. Hillman___
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.