```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOHN E. REARDON, | No. 1:15-cv-8597 (NLH/KMW) |
| Plaintiff, | **OPINION** |
| v. |  |
| MAGISTRATE ZONIES, et al., |  |
| Defendants. |  |

**APPEARANCES**:

JOHN E. REARDON
1 JOANS LANE
BERLIN, NEW JERSEY 08009
    Pro se Plaintiff

DEAN R. WITTMAN
MICHAEL J. HUNTOWSKI
ZELLER & WIELICZKO, LLP
120 HADDONTOWNE COURT
CHERRY HILL, NEW JERSEY 08034
    On behalf of Defendants

**HILLMAN**, District Judge

This Motion for Reconsideration follows the Court's March 29, 2017 grant of Defendants' Motion to Dismiss for failure to state a claim. The Court finds Plaintiff has failed to argue an intervening change in the controlling law, the availability of new evidence, or a clear error of law or fact in the Court's March 29, 2017 decision. Accordingly, the Motion for Reconsideration will be denied.

**I.**

The Court takes the following underlying facts from its March 29, 2017 Opinion. Plaintiff's complaint alleged he was pulled over three times in 1988. Plaintiff was first pulled over on June 24, 1988, when Defendant Officer Russell J. Smith pulled Plaintiff over and issued him traffic tickets. Second, on October 14, 1988, Defendant Officer Smith again allegedly pulled over Plaintiff, issuing additional tickets. Finally, on November 17, 1988, Defendant Officer Daniel J. Dougherty pulled Plaintiff over and issued Plaintiff traffic tickets.

Plaintiff alleged he was "summarily tried and convicted" on April 24, 1989 in municipal court. Plaintiff alleged Defendant "Magistrate" Daniel B. Zonies, Esq. presided over all adjudications and that Defendant Lawrence Luongo, Esq. was the "prosecutor."

"On the [June 24, 1988] offenses" Plaintiff alleged he was "fined" $10.00 and assessed $15.00 in "costs" for driving an unregistered vehicle; and "fined" $350.000 and assessed $15.00 in "costs" "for having no insurance." He also alleged that "as a result of" these "convictions," he "was given $3,000.00 in surcharges and had his license suspended for 6 months."

"On the [October 14, 1988] offenses," Plaintiff alleged he was "fined" $25.00 for driving an unregistered vehicle, and $500.00 for "having no insurance." He was also allegedly

assessed $15.00 in costs for each violation. Plaintiff also alleged his license was suspended for two years and he "was given $3,000.00 in surcharges."

"On the [November 17, 1988] offenses," Plaintiff alleged he was "fined" as follows:

- "No registration: $35.00 Fine, $15.00 Costs"

- "Fictitious Tags: $25.00 Fine and $15.00 Costs"

- "4th Offense for no Insurance: $500.00 Fine, $15.00 Costs."

- "3rd Offense for Driving while suspended: $750.00 Fine, $15.00 Costs."

"As a result of" the "convictions" of driving without insurance and while suspended, Plaintiff was allegedly "given $6,000.00 in surcharges."

Plaintiff alleged that he was not told that he had a right to a jury trial and that he did not waive his right to a jury trial. Plaintiff further alleged "Defendant [Officers] Dougherty and Smith" purposefully "wait[ed] for Plaintiff to [drive] home from work" so that they could issue the tickets identified above "to get [Plaintiff] to stop challenging the State's Motor Vehicle Laws as being Unconstitutional" and "to stop filing Lawsuits."

The complaint asserted violations of federal statutory law and New Jersey state law. The Court liberally construed the complaint to assert 42 U.S.C. § 1983 claims for violation of

3

Plaintiff's right to a jury trial and Plaintiff's First Amendment right to be free from retaliation, as well as the New Jersey statutory and common law analogs of those claims.

Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  On March 29, 2017, this Court granted Defendants' Motion to Dismiss Plaintiff's federal law claims and dismissed Plaintiff's remaining state law claims without prejudice, declining to exercise supplemental jurisdiction.  The Court summarizes its March 29, 2017 Opinion as follows.

The Court found Plaintiff's § 1983 claims were time-barred, as they were founded on events occurring in 1988 and 1989 and the limitations period for § 1983 claims is two years.  The Court found the jury trial claim accrued in 1989, when Plaintiff alleged his municipal court summary trial occurred.  The Court further found Plaintiff's First Amendment retaliation claim accrued either in 1988 when Defendants conducted a traffic stop or in 1989 when Plaintiff was allegedly "convicted" of the ticketed offenses.  Accordingly, the Court found Plaintiff's time to file suit expired over two decades before Plaintiff filed his December 14, 2015 lawsuit.

The Court rejected Plaintiff's argument that his claims were timely because he did not discover his legal right to a jury trial until 2014.  The Court relied on established case law

explaining that accrual of a cause of action is not keyed to knowledge of a legal cause of action, but rather to knowledge of injury.

The Court further rejected Plaintiff's argument that Defendants Zonies and Luongo had a duty to advise Plaintiff of his right to a jury trial, amounting to fraudulent concealment which would allow equitable tolling to apply. The Court determined that equitable tolling based on fraudulent concealment applies to the fraudulent concealment of the alleged injury, not the legal right asserted to be violated.

Accordingly, the Court dismissed Plaintiff's federal law claims pursuant to Defendants' motion. The Court then determined there was no affirmative justification to retain supplemental jurisdiction over the remaining state law claims. Accordingly, the state law claims were dismissed without prejudice.

On April 5, 2017, Plaintiff moved for reconsideration of the Court's March 29, 2017 Order.

## II.

A motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i). The purpose of a motion

for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court rendered its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 3d 349, 352 (D.N.J. 2001). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

**III.**

The Court has reviewed Plaintiff's brief in support of his motion and his reply brief, as well as the fifteen submissions asserting additional facts and case law filed by Plaintiff. Nowhere in these submissions that the Court can discern has

6

Plaintiff advanced any arguments regarding an intervening change in the law or the availability of new evidence. Plaintiff's arguments alleging an error in law or fact merely recite his arguments in his opposition to the underlying motion.

Plaintiff argues both the Court's decision on timeliness and on equitable tolling were erroneous. Plaintiff argues there is no time limit for his claims, as he argues a "lack of" or "loss of" or "usurpation" of jurisdiction by the municipal court. As this Court has stated, however, the Court construes Plaintiff's complaint as asserting federal claims under 42 U.S.C. § 1983. As the Court stated in its March 29, 2017 Opinion, the limitations period for the § 1983 claims is two years. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."). Plaintiff's two-year window in which he could bring his § 1983 claims has long since closed.

As to equitable tolling, Plaintiff appears to principally argue the Court failed to recognize his argument that Defendants "failed to disclose the law" regarding his right to a jury trial and the nature of a motor vehicle action.[1] He argues this led

---

[1] As with the underlying Opinion, the Court assumes without deciding that Plaintiff did indeed have a federal constitutional right to a jury trial. The Court again notes that Defendants argue Plaintiff had no such right insofar as there is no right to a jury trial in municipal court.

him to believe there was no right to a trial by jury.  This is exactly the argument Plaintiff advanced in opposition to the underlying motion.  As this Court stated in its March 29, 2017 Opinion, this is insufficient to allow for equitable tolling to apply.  Plaintiff was aware of all of the facts that gave rise to his claims.  That he was unaware of their potential legal significance is of no event.

Plaintiff's motion clearly registers mere disagreement with this Court's initial decision, which is not an appropriate reason to pursue reconsideration.  Schiano v. MBNA Corp., No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 27, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, and should be dealt with through the normal appellate process."  (citations omitted) (first citing Compaction Sys. Corp., 88 F. Supp. 2d at 345; and then citing S.C. ex rel. C.C., 248 F. Supp. 2d at 381)).

Indeed, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'"  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  "Each step of the litigation should build upon the last and, in the absence of newly discovered,

8

non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Id. (citing Johnson v. Township of Bensalem, 609 F. Supp. 1340, 1342 n.1 (E.D. Pa. 1985)). Plaintiff's motion and its accompanying briefing and filings amount to a reargument of his opposition to the underlying motion. Accordingly, Plaintiff's motion for reconsideration will be denied.

Finally, Plaintiff argues the Court did not explain why it did not grant him leave to amend his complaint. To the contrary, the Court specifically addressed its decision to not grant Plaintiff leave to amend. The Court stated: "The Court need not allow Plaintiff an opportunity to amend because the Court's holding that the claims are time-barred also supports the conclusion that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106, 108 (3d Cir. 2002)." Plaintiff argues he is entitled to amend his complaint since the Court "did not find that there was absolutely no factual basis for this lawsuit." The Court is not bound to grant leave to amend in every case, as long as it does not find "absolutely no factual basis" for the lawsuit. Rather, leave to amend should be granted only "in the absence of undue delay or bad faith on the part of the movant" and "as long as the amendment would not be futile and the opposing party would not suffer undue prejudice." Hunter v. Dematic USA, No. 16-00872, 2016 WL

2904955, at *3 (D.N.J. May 18, 2016).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  The Court's finding that amendment would be futile thus was a sufficient basis for denying Plaintiff leave to amend.  Since the Court is not convinced that its decision that Plaintiff's claims are time-barred was in error, the Court's finding of futility remains.

    An appropriate Order will be entered.


Date:  November 9, 2017         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.