```
       IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN E. REARDON,<br><br>        Plaintiff,<br><br>   v.<br><br>MAGISTRATE ZONIES, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>15-8597 (JBS-KMW)<br><br>**MEMORANDUM ORDER** |

    This matter is before the Court upon motions by Plaintiff for relief under Federal Rule of Civil Procedure 60(b)(2) and (6) [Docket Item 93], and to amend the Complaint. [Docket Item 104.] The Court finds as follows:

    1.   In this case, Plaintiff John Reardon, pro se ("Plaintiff") generally alleges that he was denied his right to a jury trial when he was fined for various traffic violations in 1988. [See generally Docket Item 1.] Plaintiff moved to amend the Complaint [Docket Item 33], which the Court denied without prejudice. [Docket Item 48.] Defendants subsequently moved to dismiss all claims against them [Docket Item 49], which the Court granted. [Docket Items 68 & 70.] Plaintiff then filed a motion for reconsideration of the dismissal Order [Docket Item 71], which the Court denied. [Docket Items 89 & 90.] Plaintiff appealed the Court's Orders dismissing his complaint and denying his motion for reconsideration and leave to amend [Docket Items

48, 70, and 90] to the U.S. Court of Appeals for the Third Circuit. [Docket Items 91 & 92.] The Third Circuit affirmed. Reardon v. Zonies, 2018 WL 1747739 (3d Cir. Apr. 11, 2018).

2. While his appeal was pending before the Third Circuit, Plaintiff filed the present Rule 60(b) motion. [Docket Item 93.] After the Third Circuit affirmed, Plaintiff filed the motion to amend the Complaint. [Docket Item 104.] Both motions must be denied because the Court lacks jurisdiction to consider them.

3. Rule 60(b) provides specific bases for reconsideration of a "final judgment, order or proceeding," including, as relevant here, due to "newly discovered evidence" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (6).

4. A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Gov. of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). "Rather, relief under Rule 60(b) is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (quoting Martinez-McBean v. Gov. of the Virgin Islands, 562 F.2d

2

908, 913 (3d Cir. 1977); see also Moolenaar, 822 F.2d at 1346 ("The remedy provided by Rule 60(b) is 'extraordinary and special circumstances must justify granting relief under it.'") (internal citation omitted). "Rule 60(b) must be applied '[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] . . . is not a substitute for appeal." Kock v. Gov. of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987) (internal citation omitted).

5. Once an appeal is taken, a Rule 60(b) motion may only be properly reviewed by the district court "based on matters that come to light after the appellate court has issued a decision." Bernheim v. Jacobs, 144 F. App'x 218, 222; see also Standard Oil v. United States, 429 U.S. 17, 18 (1976). Thus, the Third Circuit has held that, "when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of [the appellate court] on the basis of matters included or includable in the party's prior appeal.'" Berheim, 144 F. App'x at 222 (quoting Seese v. Volswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982)).

6. As noted above, Plaintiff filed his Rule 60(b) motion [Docket Item 93] shortly after he appealed the Court's Orders to the Circuit Court [see Docket Item 91], but before the Third Circuit affirmed. [See Docket Items 101 & 102.] The Rule 60(b)

3

motion thus necessarily involves "matters included or includable in the party's prior appeal," and not "matters that come to light after the appellate court has issued a decision." Berheim, 144 F. App'x at 222. Moreover, none of Plaintiff's current submissions contain any relevant evidence that was not already presented to this Court or the Third Circuit during prior proceedings. Nor does Plaintiff raise any arguments that were not previously raised. These matters have already been decided several times by this Court, and now affirmed by the Court of Appeals. This litigation is over.[1]

7. For the reasons explained above, this Court no longer has jurisdiction over this matter, which has been dismissed and affirmed. It would, therefore, be futile for Plaintiff to amend. Accordingly, and for good cause shown;

IT IS this __9th__ day of __July__, **2018** hereby

ORDERED that Plaintiff's motion for relief [Docket Item 93] and to amend the Complaint [Docket Item 104], shall be, and hereby are, **DENIED**.

                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE
                                          U.S. District Judge

---

[1] Once the Third Circuit dismissed his appeal, Plaintiff's sole avenue to challenge this Court's dismissal Order and Orders denying reconsideration and for leave to amend was to file a petition of certiorari in the U.S. Supreme Court. To this Court's knowledge, Plaintiff did not file such a petition.