# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

JOHN E. REARDON,

            Plaintiff,

   v.

MAGISTRATE ZONIES, et al.,

            Defendants.

Civil No. 15-8597 (RBK/KMW)

**MEMORANDUM ORDER**

**KUGLER, DISTRICT JUDGE,**

The late Honorable Jerome B. Simandle dismissed *pro se* Plaintiff John E. Reardon's Complaint in this case for failure to state a claim on March 29, 2017. *Reardon v. Zonies*, Civ. No. 15-8597, 2017 WL 1170833 (D.N.J. Mar. 29, 2017). That dismissal was subsequently affirmed by the Third Circuit on April 11, 2018. *Reardon v. Zonies*, 730 F. App'x 129 (3d Cir. 2018). On October 9, 2018, the Supreme Court denied Plaintiff's petition for certiorari. *Reardon v. Zonies*, 139 S. Ct. 325 (2018). Plaintiff then filed a Rule 60(b)(6) motion [Docket No. 108], which this Court denied on June 24, 2019, [Docket No. 124]. On July 1, 2019, Plaintiff filed a "Motion to set aside the court's June 14 [sic], 2019 order under Rule 60(b)(3), (4), (6) and (d)(3)." [Docket No. 125.] On November 7, 2019, he filed a "Motion to set aside the dismissal of all 1988 and 1989 cases under Rule 60(b)(4) or 60(d)(3)." [Docket No. 141.]

Rule 60(b)(3), (4), and (6) permit a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if an opposing party committed "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct;" if "the judgment is void;" or for

"any other reason that justifies relief," respectively. FED. R. CIV. P. 60(b)(3)-(4), (6). Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3).

Rule 60 "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" *Moolenaar v. Gov. of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Instead, relief "is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (quoting *Martinez-McBean v. Gov of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977)); *see also Moolenaar*, 822 F.2d at 1346 ("The remedy provided by Rule 60(b) is 'extraordinary and special circumstances must justify granting relief under it.'").

After an appeal, a district court may only review a Rule 60(b) motion "based on matters that came to light after the appellate court has issued a decision." *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005); *see also Standard Oil v. United States*, 429 U.S. 17, 18 (1976). The Third Circuit has also held that, "when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of [the appellate court] on the basis of matters included or includable in the party's prior appeal.'" *Bernheim*, 144 F. App'x at 222 (quoting *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982)).

Plaintiff's voluminous filings provide no legitimate basis for relief. What the Court wrote in its June 24, 2019 Order still rings true today:

> [N]one of Plaintiff's current submissions contain any relevant evidence that was not already presented to this Court or to the Third Circuit during prior proceedings. Nor does Plaintiff raise any arguments that were not previously raised. These matters have already been decided several times by this Court, and now affirmed by the Court of Appeals. The Supreme Court has also denied certiorari over Plaintiff's appeal. Mr. Reardon has not demonstrated anything remotely close to "extraordinary circumstances" that would justify setting aside the Court's Dismissal Order under Fed. R. Civ. P. 60(b).

This motion is nothing more than yet another attempt by Plaintiff to relitigate issues that have long been resolved. His allegations of fraud, misrepresentations, and void judgments — which form the basis for both his 60(b) and 60(d) arguments — are utterly baseless. They amount to nothing more than Plaintiff's reiteration of his distorted view of the law, which views are patently inaccurate.

Therefore, it is this **10th** day of **FEBRUARY** 2020, hereby

**ORDERED** that the Clerk of the Court reopen the above-captioned case; and it is further

**ORDERED** that Plaintiff's Motions to Set Aside [Docket Nos. 125 and 141] be, and the same hereby are, **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court close the above-captioned case.

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge