NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JOHN E. REARDON, | |
| Plaintiff, | Civil No. 15-08597 (RBK/KMW) |
| v. | **MEMORANDUM ORDER** |
| MAGISTRATE ZONIES *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

In this case, Plaintiff John Reardon generally alleges that he was denied his right to a jury trial when he was fined for various traffic violations in 1988. (*See generally* Doc. 1.) On March 29, 2017, the Court dismissed the Complaint for failure to state a claim. *Reardon v. Zonies*, 2017 WL 1170833 (D.N.J. Mar. 29, 2017). The Third Circuit subsequently affirmed that decision, *Reardon v. Zonies*, 730 F. App'x 129 (3d Cir. Apr. 11, 2018), and, on October 9, 2018, the Supreme Court denied Plaintiff's petition for certiorari, *Reardon v. Zonies*, 139 S. Ct. 325 (2018). This matter comes before the Court upon Plaintiff's Motion to Set Aside Order and to Recuse (Doc. 149.)

Mr. Reardon makes two requests in his Motion. First, Mr. Reardon moves this Court to recuse itself. 28 U.S.C. § 144 requires recusal "[w]henver a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Such an affidavit will only be deemed "legally sufficient" if the facts alleged "give fair support to the

1

charge of a bent of mind that may prevent or impede impartiality of judgement." *Cooney v. Booth*, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting *Berger v. United States*, 255 U.S. 22, 33–34 (1921)). The Court is required to accept as true all facts alleged in the affidavit, but need not accept the conclusions, conjecture, speculation, or surmises of the moving party. *Id.*

Mr. Reardon's Recusal Motion is replete with legal conclusions and contains no factual support. In effect, Mr. Reardon seeks this Court's recusal because Mr. Reardon believes that the Court has an "unwarranted bias" against Mr. Reardon. This belief is based on this Court's dismissal of Mr. Reardon's claims. (Mot. at 7.) Mr. Reardon concludes that "this judge has an adverse bent against this pro se plaintiff for some unknown reason and he has decided he will extend his office, jurisdiction, discretion, power[,] and privilege to protect those that Mr. Reardon has decided to seek compensation from[.]" (Mot. at 30.) However, Mr. Reardon offers no factual allegations to support this conclusion. Rather, the vast majority of Mr. Reardon's brief attempts to challenge yet again this Court's prior decisions that have been the subject of numerous motions for reconsideration and appeals. The allegations of impropriety that Mr. Reardon does include revolve almost entirely around the judicial decisions rendered by this Court that ruled in favor of Mr. Reardon's adversaries instead of him. The general rule is that judicial rulings "almost never constitute a valid basis for bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 554 (1994), and the Court finds that the present instance is no exception to that rule. Thus, the Court finds that Mr. Reardon's arguments do not present facts that rise to the level of judicial impropriety.

Second, Mr. Reardon moves this Court to set aside its sanctions order under Rule 60(b)(1), (3), (4), or (6). Rule 60(b)(1), (3), (4), and (6) permit a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" (1) if there was "mistake, inadvertence, surprise, or neglect"; (2) if an opposing party committed "fraud (whether previously called

intrinsic or extrinsic), misrepresentation, or misconduct"; (3) if "the judgment is void"; or (4) for "any other reason that justifies relief," respectively. Fed. R. Civ. P. 60(b)1, (3)-(4), (6).

However, Rule 60 "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" *Moolenaar v. Gov. of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Instead, relief "is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (quoting *Martinez-McBean v. Gov of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977)); *see also Moolenaar*, 822 F.2d at 1346 ("The remedy provided by Rule 60(b) is 'extraordinary and special circumstances must justify granting relief under it.'"). After an appeal, a district court may only review a Rule 60(b) motion "based on matters that came to light after the appellate court has issued a decision." *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005); *see also Standard Oil v. United States*, 429 U.S. 17, 18 (1976). The Third Circuit has also held that, "when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of [the appellate court] on the basis of matters included or includable in the party's prior appeal.'" *Bernheim*, 144 F. App'x at 222 (quoting *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982)).

Although Mr. Reardon titled his Motion as a request to set aside sanctions, Mr. Reardon's voluminous filing instead again asks the Court to set aside its previous order dismissing Mr. Reardon's Complaint.[1] However, as noted before by this Court, Mr. Reardon's Motion provides no legitimate basis for relief. This Motion is nothing more than yet another attempt by Mr. Reardon to relitigate issues that have long been resolved. His allegations of fraud, misrepresentations, and

---

[1] Mr. Reardon's Motion is to Set Aside Sanctions, however, it is unclear from the Motion what sanctions Mr. Reardon would like the court to set aside or the grounds for such relief. Rather, Mr. Reardon spends most of his eighty-three-page brief asserting reasons why the Court erred in dismissing Mr. Reardon's claims.

void judgments—which form the basis for his Motion—are without merit. None of Mr. Reardon's current submission contains any relevant evidence that was not already presented to this Court or the Third Circuit during prior proceedings. Accordingly, the Court finds that Mr. Reardon has not demonstrated anything remotely close to "extraordinary circumstances" that would justify setting aside the Court's Dismissal Order under Fed. R. Civ. P. 60(b).

Therefore, it is hereby **ORDERED** that the Clerk of the Court reopen the above-captioned case; and it is further **ORDERED** that Plaintiff's Motion to set Aside and Recuse (Doc. 149) be **DENIED WITH PREJUDICE**; and it is further **ORDERED** that the Clerk of the Court close the above-captioned case.

Dated: 11/13/2020 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge